# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT ANDRUE REAGOR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN SUTTON, <br><br> Defendant. | 1:17-cv-01398-LJO-BAM (PC) <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT <br><br> (ECF No. 1) <br><br> **THIRTY-DAY DEADLINE** |

Plaintiff Bryant Andrue Reagor, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Plaintiff's complaint, filed on October 17, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. **Summary of Plaintiff's Allegations**

Plaintiff is currently incarcerated at Pelican Bay State Prison in Crescent City, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison in Wasco, California. Plaintiff names Chief Executive Officer/Warden John Sutton as the sole defendant.

Plaintiff alleges as follows:

Wasco State Prison was given multiple notices regarding my transportation to my child custody hearing(s). From 7-14-17 through 9-8-17 I've [received] multiple notices and/or orders from Kern County Human Services, informing me of my right to be present and to present evidence. Due to Wasco State Prison (Admitted) administrative error I was not present for the initial/detentional[sic]

2

hearing (7-14-17) nor was I alotted [sic] the chance to attend the jurisdictional/dispositional hearing (9-12-17). Due to Wasco State Prisons' Administrative error and/or fault I was robbed of my right as a parent to review the CPS plan for me and my family, to have my lawyer challenge any false claims or inaccurate statements in the report(s), to say what I chose about where my children should live, to request the courts to order visits with my children and establish a plan to transport my children to visits. Furthermore I was not allowed to request the courts order counseling for me as well as for my children. I also was stripped of the right to request services for myself and my children. To further support my claim the appeals office informed me they can provide documentation indicating administrative error and/or fault, upon request of the courts.

(ECF No. 1 at 3.) Plaintiff asserts a denial of access to the courts as the only constitutional claim at issue. As relief, Plaintiff seeks compensatory and punitive damages.

**III. Discussion**

    **A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff fails to link Defendant Sutton to any deprivation of his rights. Although Plaintiff alleges administrative error or fault, he does not link Defendant Sutton to any of the factual allegations in his complaint. In any amended complaint, Plaintiff must allege what Defendant Sutton did or did not do that resulted in a deprivation of Plaintiff's constitutional rights.

3

### B. Supervisory Liability

To the extent Plaintiff seeks to hold Defendant Sutton liable based solely upon his supervisory role as Warden, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff must link Defendant Sutton either by direct conduct in the constitutional violation or by identifying a policy that was so deficient that the policy itself a repudiation of the Plaintiff's rights.

### C. Access to Courts

Plaintiff does not have a constitutional right to be released from prison to attend civil proceedings relating to child custody. See McKinney v. Boyle, 447 F.2d 1091, 1094 (9th Cir.1971); Williams v. Thurston County, No. C14-5545 BHS, 2014 WL 4355569, at *4 (W.D. Wash. Sept. 3, 2014) ("Plaintiff does not have a constitutional right to be released from jail to attend civil proceedings related to child custody.").

Although Plaintiff does not have a constitutional right to personally appear, prison inmates do have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with a plaintiff's right to litigate. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally

differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving an inmate's right to litigate without active interference. Silva v. De Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). To the extent Plaintiff is attempting to allege that prison officials denied his right to affirmative assistance with his custody action, he cannot state a cognizable claim. The right to assistance is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354 (emphasis added).

To the extent Plaintiff is attempting to allege that prison officials actively interfered with his custody action, he also does not state a cognizable claim. Prisoners have the right to pursue claims that have a reasonable basis in law or fact without *active interference*. Silva, 658 F.3d at 1103–04 (prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials). However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. Lewis, 518 U.S. at 351-53; Silva, 658 F.3d at 1104. Silva, 658 F.3d at 1103–04. Here, Plaintiff does not demonstrate that he suffered an actual injury from the failure to personally appear at the hearing. There is no indication that Plaintiff was unable to present written information to the court before or after the hearing, that his lawyer could not adequately represent him in the proceedings, that the outcome would have been different, or that he could not seek reconsideration or appeal of any custody order with which he disagreed.

### D. State Law Claims

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. The Court will not address Plaintiff's state law claims unless and until he states a cognizable claim for relief under federal law.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is again advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

3.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court

order and for failure to state a claim.

IT IS SO ORDERED.

Dated: __**April 19, 2018**__  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE