# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT ANDRUE REAGOR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN SUTTON, <br><br> Defendant. | 1:17-cv-01398-LJO-BAM (PC) <br><br> **FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM** <br><br> **FOURTEEN-DAY DEADLINE** |

Plaintiff Bryant Andrue Reagor, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. On April 19, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 15.) Plaintiff's first amended complaint, filed on June 11, 2018, is currently before the Court for screening. (ECF No. 18.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.  Summary of Plaintiff's Allegations**

Plaintiff is currently incarcerated at Pelican Bay State Prison in Crescent City, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison in Wasco, California. Plaintiff names John Doe, the "Out to Courts Supervisor," as the sole defendant.

Plaintiff alleges as follows:

Wasco State Prison was given multiple notices regarding my transportation to my child custody hearing(s). From 7-14-17 through 9-8-17 I've [received] multiple notices and/or orders from Kern County Superior Court Metropolitan Division – Juvenile Justice Center, informing me of my right to be present and to present evidence. Due to Wasco State Prison's (admitted) administrative error, I was not

2

> present for the initial/detentional [sic] hearing (7-14-17) nor was I allowed to attend the jurisdictional/dispositional hearing (9-12-17) due to Wasco Prisons' Administrative negligence and/or administrative error. John Doe, Supervisor of the out to courts desk admitted knowledge of my signed order and still failed and/or neglected to have me transported. Because of this neglect, my children were placed with multiple non-family foster care parents. Thus robbing me of my right as a parent to review the C.P.S. plan for me and my children, to have my lawyer challenge any false claims or inaccurate statements in the report(s), to say what I chose about where my children should live, to request the courts to order visits with my children and establish a plan to transport my children to visits. To further support my claim the Appeals Office can provide fault

(ECF No. 18 at 3.) Plaintiff asserts a denial of access to the courts, along with various state law claims. As relief, Plaintiff seeks compensatory and punitive damages.

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff fails to link Defendant John Doe to any deprivation of his rights. Although Plaintiff alleges administrative error or fault, he does not adequately link Defendant John Doe to a constitutional violation. Plaintiff alleges that Defendant John Doe knew of a signed order, but failed or neglected to have Plaintiff transferred for juvenile court hearing(s). However, Plaintiff has failed to adequately allege that a court ordered or otherwise granted him permission to be

transported to any such hearing.  At best, Plaintiff has asserted that he was notified of a right to be present at the hearing, not that he received a court order authorizing his transportation to any hearing, which was subsequently ignored or disobeyed by Defendant John Doe.

### B. Access to Courts

Plaintiff does not have a constitutional right to be released from prison to attend civil proceedings relating to child custody**.** See McKinney v. Boyle**,** 447 F.2d 1091, 1094 (9th Cir.1971); Williams v. Thurston County, No. C14-5545 BHS, 2014 WL 4355569, at *4 (W.D. Wash. Sept. 3, 2014) ("Plaintiff does not have a constitutional right to be released from jail to attend civil proceedings related to child custody.").

Although Plaintiff does not have a constitutional right to personally appear, prison inmates do have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with a plaintiff's right to litigate. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving an inmate's right to litigate without active interference. Silva v. De Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). To the extent Plaintiff is attempting to allege that prison officials denied his right to affirmative assistance with his custody action, he cannot state a cognizable claim.  The right to assistance is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354 (emphasis added).

To the extent Plaintiff is attempting to allege that prison officials actively interfered with his custody action, he also does not state a cognizable claim.  Prisoners have the right to pursue claims that have a reasonable basis in law or fact without *active interference*. Silva, 658 F.3d at 1103–04 (prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials).  As noted above, there is no indication from Plaintiff's amended complaint that a court authorized his transportation to any of the child custody proceedings.  In the absence of any such order, the failure to transport Plaintiff cannot support an active interference

claim. Further, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. Lewis, 518 U.S. at 351-53; Silva, 658 F.3d at 1104. Silva, 658 F.3d at 1103–04. Here, Plaintiff does not demonstrate that he suffered an actual injury from the failure to personally appear at the hearing. There is no indication that Plaintiff was unable to present written information to the court before or after the hearing, that his lawyer could not adequately represent him in the proceedings, that the outcome would have been different, or that he could not seek reconsideration or appeal of any custody order with which he disagreed.

### C. State Law Claims

Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law. Accordingly, it will be recommended that the Court decline jurisdiction over Plaintiff's state law claims.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim for relief in this section 1983 action. Despite being provided with the relevant pleading and legal standards applicable to his claims, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's constitutional claims be dismissed from this action with prejudice for failure to state a cognizable claim for relief under 28 U.S.C. § 1915A; and

2. The Court decline to exercise supplemental jurisdiction over Plaintiff's state law

5

claims; and

        3. Plaintiff's state law claims be dismissed without prejudice.

        These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **June 14, 2018**          /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE